UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Saundra Ann Ferrell,

        Petitioner,

vs.                               REPORT AND RECOMMENDATION

Warden R. Rios,

        Respondent.                Civ. No. 09-234 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Saundra Ann Ferrell for a Writ of Habeas Corpus under Title 28 U.S.C. §2241. The Petitioner is a Federal prison inmate, who is currently incarcerated at the Federal Correctional Institution, in Waseca, Minnesota. For reasons which follow, we recommend that the Petition for a Writ of Habeas

Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## II.  Factual and Procedural Background

This is not the Petitioner's first Petitioner for a Writ of Habeas Corpus under Title 28 U.S.C. §2241.  On November 5, 2008, she filed a Section 2241 Petition in the Northern District of West Virginia, where she was then confined.  See, Ferrell v. Cross, 2009 WL 54474 (N.D. W. Va., January 8, 2009).  However, that Petition -- which apparently was similar to the present one -- was summarily dismissed for lack of jurisdiction, because the Petitioner was challenging her conviction, rather than any condition of confinement.  Id. at *2.  In its decision, the Court aptly summarized the factual and procedural background of the Petitioner's claims, as follows:

> Following a jury trial, the petitioner was convicted in the United States District Court for the Middle District of

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to Habeas Petitions filed by State prisoners pursuant to Title 28 U.S.C. §2254, they also may be applied to Habeas Petitions filed pursuant to Title 28 U.S.C. §2241.  See, Rule 1(b) of The Rules Governing Section 2254 Cases; see also, Mickelson v. United States, 2002 WL 31045849 at *2 (D. Minn., September 10, 2002), citing Rothstein v. Pavlick, 1990 WL 171789 at *3 (N.D. Ill., November 1, 1990), and Bostic v. Carlson, 884 F.2d 1267, 1270 n. 1 (9th Cir. 1989).

> Georgia of First Degree Murder in violation of 18 U.S.C. §1111. On January 31, 2001, the petitioner was sentenced to life imprisonment. Thereafter, the petitioner filed an appeal, and on September 20, 2001, the judgment was affirmed. On February 4, 2002, the petitioner filed a motion for a new trial which was denied on March 7, 2002. On June 22, 2004, the petitioner filed a Motion to vacate under [28] U.S.C. §2255, which was denied on July 29, 2004. On January 8, 2008, the petitioner filed a Rule 60(b)(2) motion. On March 3, 2008, the petitioner filed a motion to re-characterize her 60(b)(2) motion to a 60(b)(3) motion. On March 14, 2008, the petitioner's Rule 60(b) motion was denied.

Id. at *1; see also, Ferrell v. United States, 2008 WL 723986 at *2 (M.D. Ga., March 14, 2008)(denying Rule 60(b) Motion).

As a consequence, the Petitioner has previously challenged her 2001 Federal murder conviction by means of: 1) a direct appeal; 2) a Motion for a New Trial; 3) a Motion for relief pursuant to Title 28 U.S.C. §2255; 4) a Motion for relief pursuant to Rule 60(b), Federal Rules of Civil Procedure; and, 5) a previous Section 2241 Habeas Corpus Petition.

Undeterred by her past failures, and having recently transferred to a different prison in a new venue, the Petitioner now seeks to challenge, once again, her 2001 Federal murder conviction. The grounds for relief presented in her current Petition, repeated verbatim, and in their entirety, are as follows:

> **Ground 1**  Whether Petitioner received a Fair trial due to the Failure of trial counsel to subpoena her client['s] 5 alibi witnesses[;]
>
> **Ground 2**  Whether conviction was obtained in violation of the Fifth, Sixth and Fourteenth amendment right to effective assistance of trial counsel guaranteed under the Constitution[;]
>
> **Ground 3**  Whether the jury instructions violated due process because it obviates the requirements that the prosecutor prove all the elements of the crime beyond a reasonable doubt[;]
>
> **Ground 4**  Whether conviction was obtained in violation of the Fifth, Sixth, and Fourteenth amendment to the Constitution of the U.S. to be tried by a fair and impartial jury[;]
>
> **Ground 5**  Conviction obtained on denial of defendant[']s due process rights when the government knowingly used perjured testimony and evidence against her[;]
>
> **Ground 6**  Appointed counsel failed to offer evidence and object to improper testimony[; and]
>
> **Ground 7**  Appointed counsel's failure to object to the admission of the taped 911 telephone call and move to delete inflammatory reference to petitioner, constituted ineffective assistance of counsel.

Petition, Docket No. 1, at p. 3 and Addendum.

In view of the Record presented, and the governing law of this Circuit, we find that the Petitioner cannot raise her current challenges to her conviction, and sentence, in a Habeas Corpus Petition under Title 28 U.S.C. §2241.

### III.  Discussion

As a general rule, a Federal prisoner can maintain a collateral challenge to his or her conviction, or sentence, only by filing a Motion in the Trial Court pursuant to Title 28 U.S.C. §2255.  See, <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005).  In this respect, Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., Section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a Motion before the Sentencing Court, under Section 2255, is the exclusive remedy available to a Federal prisoner who is asserting a collateral challenge to his or her conviction or sentence.  See, <u>Hill v. Morrison</u>, 349 F.3d 1089, 1091 (8th Cir. 2003)("It is well settled a collateral challenge to a federal conviction or sentence must

generally be raised in a motion to vacate filed in the sentencing court under [Section] 2255 * * * and not in a habeas petition filed in the court of incarceration * * * under [Section] 2241.").

No Court has jurisdiction over a Federal prisoner's collateral attack against her conviction or sentence, under Title 28 U.S.C. §2241, unless the prisoner has affirmatively demonstrated that the remedy provided by Section 2255 "'is inadequate or ineffective to test the legality of * * * [her] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), quoting Title 28 U.S.C. §2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," see, Abdullah v. Hedrick, supra at 959, because, when it applies, it can save a Section 2241 Habeas Petition from being dismissed under the Section 2255 exclusive remedy rule.

Here, the Petitioner is clearly challenging the validity of her 2001 Federal murder conviction by the United States District Court for the Middle District of Georgia. Therefore, we find that the present Habeas Corpus Petition is plainly subject to, and barred by, Section 2255's exclusive remedy rule.[2] This means that the

---

[2]In some cases, a Section 2241 Habeas Petition, which is barred by the exclusive remedy rule, can simply be construed as a Motion under Section 2255.
(continued...)

Petitioner cannot pursue her current claims for relief in a Section 2241 Habeas Petition, unless the remedy provided by Section 2255 is found to be "inadequate or ineffective to test the legality of [her] detention."

The Petitioner may believe that Section 2255 is "inadequate or ineffective to test the legality" of her conviction and sentence, because the Trial Court, and the Court of Appeals for the Eleventh Circuit, have refused to grant her any relief on any of the grounds she has raised in the past. She may think that her current Petition is exempt from Section 2255's exclusive remedy rule, under the savings clause, because all of her past efforts to gain relief have been unsuccessful, and she is no longer eligible for relief under Section 2255. Such reasoning, however, must be rejected.

Our Court of Appeals has plainly stated that Section 2255 will **not** be viewed as inadequate or ineffective "merely because [Section] 2255 relief has already been denied, * * * or because Petitioner has been denied permission to file a second or successive [Section] 2255 motion, * * * or because a second or successive [Section]

---

²(...continued)
Then the matter can be transferred to the Trial Court, for consideration of the prisoner's claims on the merits. In this case, however, the Petitioner is precluded from seeking relief under Section 2255, because: 1) she has already sought relief under Section 2255 in a previous Motion, which was denied; and, 2) she is time-barred from bringing a Motion under Section 2255, by reason of the one (1) year statute of limitations that is applicable to such Motions. See, Title 28 U.S.C. §2255(f) and (h).

2255 motion has been dismissed, * * * or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)[citations omitted]; see also, Hill v. Morrison, supra at 1091 ("[I]n order to establish a remedy is 'inadequate or ineffective' under [Section] 2255, there must be more than a procedural barrier to bringing a [Section] 2255 petition.").

"A federal prisoner should be permitted to seek habeas corpus [under Section 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed" after he had his opportunity to seek relief under Section 2255. See, In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). In other words, "[Section] 2255 is not inadequate or ineffective," "where a petitioner had any opportunity to present his claim beforehand." Abdullah v. Hedrick, supra at 963.

Here, it is plain that the Petitioner's current claims cannot be brought under Section 2241, because those claims were raised, or could have been raised, in her direct appeal, or in her previous Section 2255 Motion. The remedy provided by Section 2255 is not "inadequate or ineffective," simply because the Petitioner failed to raise her current claims for relief in her direct appeal or her Section 2255 Motion,

nor because she failed to secure the relief she was seeking in those prior proceedings.

As our Court of Appeals has explained:

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

Abdullah v. Hedrick, supra at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Again, the Petitioner either did raise, or could have raised, all of her current claims for relief in her direct appeal, or in her Section 2255 Motion, and we find no basis to conclude that the current Petition qualifies pursuant to Section 2255's savings clause.

As a result, the Petitioner cannot challenge her Federal criminal conviction and sentence in her current Section 2241 Petition, and therefore, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed for lack of jurisdiction. See, DeSimone v. Lacy, supra at 323-24 (Section 2241 Habeas Petition, which challenged the Judgment entered in a prior criminal case, was properly dismissed for lack of subject matter jurisdiction, where the petitioner had not demonstrated that a Section 2255 Motion was an inadequate or ineffective remedy); Abdullah v. Hedrick, supra at 964 ("Because Abdullah did not show that [Section] 2255 was inadequate or

ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a [Section] 2241 petition."); Bauer v. Ashcroft, 2003 WL 541692 at *2 (D. Minn., February 19, 2003).

Lastly, having determined that this action must be summarily dismissed for lack of jurisdiction, we further recommend that the Petitioner's Application to proceed in forma pauperis be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Petitioner's Petitioner for a Writ of Habeas Corpus under Title 28 U.S.C. §2241 [Docket No. 1] be summarily dismissed.

2. That the Petitioner's Application for leave to proceed in forma pauperis [Docket No. 2] be denied, as moot.

Dated: February 10, 2009            *s/Raymond L. Erickson*
                                    Raymond L. Erickson
                                    CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 2, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 2, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.